Free Press Association v. Nichols et al.

---

The Free Press Association *v.* George Nichols, secretary of state, and Whitman G. Ferrin, state auditor.

*Mandamus. Construction of Statutes. No. 61 of the Acts of 1867.*

The provisions of No. 61, of the acts of 1867, entitled "An act relating to State printing," which relate to advertising for sealed proposals for said printing, are mandatory.

But the requirements of said act which relate to the time when said sealed proposals must be deposited in the office of the Secretary of State, were not intended as a limitation of power upon the part of the officers therein named in examining and acting upon proposals.

The writ of mandamus is subject to the legal and equitable discretion of the court, and ought not to be issued in cases of doubtful right.

Petition for mandamus. The petition alleged that on the first week in June, 1872, George Nichols, secretary of state, advertised in one weekly newspaper in each county where one was pub-

lished, for sealed proposals for printing certain state documents, and set out said advertisement in *hæc verba*, which, after stating that sealed proposals were thereby invited for printing certain state documents, naming them, and the form and style of the same, and when the same were to be completed, but not stating the time when said proposals must be deposited in the office of the secretary of state, read as follows: "Details of contracts will be governed in all particulars by the provisions of No. 61 of the acts of 1867, to which parties interested are respectfully referred. Blank proposals for bids will be furnished at once to parties desiring to enter into contract for any part of this work. The right to reject all or any proposals, as may be deemed for the interest of the state, is hereby reserved." The petition further alleged, that the relator, and others, applied to said secretary for blank proposals in accordance with said advertisement, which were furnished them, and the same were set out in *hæc verba*, and contained, among other things, the following: "Parties desiring to propose for the contract of any portion or all of the work herein designated, are requested to fill all necessary blanks and forward the same on or before the second Monday in July, to the secretary of state, Montpelier, Vermont, marked, 'Proposals for State Printing;'" that the relator, on or before the 10th day, being the second Monday, of July, 1872, deposited in the office of said secretary, a sealed proposal for the printing of said documents, and the same was set out in *hæc verba;* that Camp & Cummings, of Newport, Vt. on or before said 10th day of July, deposited in the office of said secretary their sealed proposal for printing a part only of said documents, and the substance of said proposal was set out, and wherein it differed from the relator's proposal; that no other proposals for said printing, or any part thereof, were deposited in the office of said secretary on or before said 10th day of July, by any person.

The petition further alleged, that it therefore became and was the duty of said secretary, and of Whitman G. Ferrin, state auditor, on the third Monday of said July, at one o'clock in the afternoon, at the office of said secretary, according to the statute in such case made and provided, to publicly open and examine said

sealed proposals so as aforesaid deposited in the office of said secretary, and none others, and therefrom to select and accept the one most advantageous to the state, and to at once notify the party making such proposal of its acceptance, and close the contract, and require and take a sufficient 'bond for the performance thereof; but that the respondents refused so to do, but, on the contrary thereof, at the time and place last aforesaid, proceeded to examine, in addition to said sealed proposals, divers unsealed proposals for said printing, which were not deposited in the office of said secretary until after said 10th day of July, and not until said third Monday of July, and accepted one, or more, of said last named proposals, and refused to accept, either the proposal of the relator, or of the said Camp & Cummings, although especially requested by the relator at the time and place last aforesaid, to confine their examination of proposals to those deposited in the office of said secretary on or before the said 10th day of July as aforesaid, and to accept therefrom the one most advantageous to the state, and to at once notify the party making the same of such acceptance, and require and take a bond for the performance of the contract, which the respondents refused to do.   The relator prayed for a writ of mandamus to issue against the respondents, commanding them as stated in the opinion.

The answer admitted the truth of all the allegations of fact in said petition, except it denied that the proposals of Willard & Wheelock, hereinafter mentioned, were unsealed at any time prior to their examination as hereinafter stated, and alleged, among other things not necessary to be stated, that since the passage of said act of 1867, it had always been customary and the practice to receive and act upon all bids and proposals received by the secretary of state before the time fixed by said act for opening and examining the same, and that it was so understood by a majority of bidders; that on the morning of July 8, 1872, J. W. Wheelock, of Montpelier, of the firm of Willard & Wheelock, made out and sealed written proposals for all of said printing, and repaired therewith to the office of the said secretary in Montpelier, which was in charge of G. W. Wing, Deputy Secretary of State, (the said secretary residing at Northfield, where he also had an

3

office,) and there inquired whether his said proposals should be sent to said secretary at Northfield, or deposited there with said deputy, and that said deputy told him to keep them and deliver them to said secretary when he saw him at Montpelier; that relying thereon, said Wheelock did keep said proposals, sealed as they then were, until the morning of the third Monday of July aforesaid, when he delivered the same to said secretary, at Montpelier; that the firm of J. & J. M. Poland, of Montpelier, had obtained state printing before the year 1872, and had made proposals which had been accepted, and in former years said secretary had informed them that they need not present their proposals until the day fixed for opening and examining proposals, and that said Polands, each year after the passage of said act, in common with a large majority of bidders under said act, and acting under the direct information of said secretary, delayed presenting their proposals until the day of the opening thereof, and in the year 1872, relying upon such information, and upon said practice, delayed presenting their proposals for said printing till the said third Monday of July, at one o'clock in the afternoon, at which time they presented their proposals to said secretary in his office in Montpelier, inclosed in an envelope, but not sealed. The answer further alleged, that at the time and place last aforesaid, the respondents proceeded to open and examine all proposals received as aforesaid up to that time, and then and there awarded a portion of said printing to the said Polands, and the remainder thereof to the said Willard & Wheelock, the lowest bidders therefor, and at once closed the contract with each of them according to said act. The answer further alleged, that said advertisement did not comply with said act, in that it did not state various matters required thereby to be stated therein, and especially in that it did not state that said proposals must be deposited in the office of said secretary on or before the said 10th day of July, and insisted that therefore all proceeding thereunder were void, and that the bidders acquired no right thereunder; and also alleged that the proposal of the relator was materially altered by the relator, with the consent of said secretary, by reducing the price of binding, after the same was opened and examined as aforesaid on said third Monday of July, whereby

said proposal became and was a new proposal, unsealed, and not deposited in the office of said secretary on or before said 10th day of July, and that the relator's original proposal was thereby in effect withdrawn. The answer further alleged that the relator deposited no bond with said secretary on or before the first day of August, 1872, as required by said act, and insisted that the re- . spondents had the right to reject any or all proposals, as might be deemed for the interest of the state, and that they had the discretion under the provisions of said act, to accept the proposals most advantageous to the state, whether the same were deposited on or before said 10th day of July, or not until the time fixed for opening and examining the same, and whether sealed or not. It was admitted that the matters of fact alleged in said petition were true, except as to the alleged interview between the said Wheelock and said Wing, and as to the proposals of the said Willard & Wheelock being and remaining sealed until opened by the secretary of state, which said last named allegations the testimony on the part of the defendants tended to prove. It was also admitted that the saving to the state by the acceptance of the proposals of the said Polands and of the said Willard & Wheelock, was two thousand dollars.

*Wm. G. Shaw*, for the relator.

I. ' The act relating to state printing (No. 61 of 1867) is mandatory upon the auditor and secretary of state, and requires them to open and examine only such sealed proposals as have been deposited by the 10th of July, and from them alone to accept the one most advantageous to the state. While they are granted full discretion in respect to which proposal is the most advantageous, a discretion with which no court will interfere by mandamus, they have no discretion in regard to the extent of their jurisdiction, or the proposals they are to examine and select from. While the language of the first section *literally* refers only to the requirement of the *advertisement*, there can be no doubt that the Legislature intended to require that the proposals themselves should be deposited by that time. Otherwise they would not have commanded the secretary to publish an advertisement *requiring*

that the proposals "*must*" be deposited by that day.   The requirement of the advertisement is the requirement of the law. The language of the second section, "*said sealed proposals*," renders the question certain, by indicating that the proposals to be examined are those mentioned, or referred to, in the first section. Neither in the first section, nor elsewhere in the act, is there any provision for furnishing proposals at all, except in the regulations for the terms of the advertisement, and the order that the printing shall be done under the regulations of the act.   All the authority for depositing proposals, is therefore contained in the first section, and there can be no doubt that the proposals embraced ·by that section, are proposals deposited by the 10th of July.   The remainder of the law is not in the least inconsistent with this view, but confirms it, both in the second section in the use of the words, " said proposals," and in the third section by the words, " the next best proposal in accordance with the provisions of this act."   If the auditor and secretary examine and select from proposals deposited after the 10th of July, they not only do so without any authority, but also expressly violate the law upon that subject. The evident object of the law favors this construction.   The legislature thought that economy, thoroughness, .and despatch in the public printing, would be subserved by a *regular system*, throwing it open to general competition, giving all parties, both near to and remote from the capital, a fair and equal chance, and preventing the awarding officer from exercising any favoritism ; and to accomplish this object, the Legislature prescribed a system of sealed bids, to be deposited by a fixed period anterior to the day of decision.   The provision as to the time of depositing the proposals, is no less imperative than the one requiring the proposals to be sealed.   If the awarding board can dispense with the one, they can disregard the other, as indeed they have in this case, in receiving, examining, and accepting the bid of the Messrs. Poland. The provision in regard to what bids the·board shall examine is of the very *essence* of this act.   It relates to their *jurisdiction.* It is more than a mere mode of procedure, or the appointment of a time.   Provisions of the latter kind are frequently held directory, but clauses which are *fundamental* to the statute, which are

the essence of the thing sought, which confer jurisdiction, are always imperative. No law exists besides the statute of 1867, which makes any provision for the public printing—and without this statute none can be legally done. As the sole authority for having any public printing done, is found in this act, the provision about what proposals shall be examined, seems to be a limitation of jurisdiction, and not merely directory. While a statute regulating the details of procedure in an election, the counting and certifying of votes, or such matters, might be held to be directory, no such construction could be put upon a statute prescribing from what class of men, or from what locality, an officer should be chosen. *Briggs* v. *Georgia*, 15 Vt. 61. Statutory requisitions are deemed directory only when they relate to some immaterial matter, where a compliance is a matter of convenience rather than substance. *People* v. *Schermerhorn*, 19 Barb. 558. If a statute imposes a duty and gives the means of performing that duty, it must be held to be mandatory. *Veazie* v. *China*, 50 Me. 518.

II. If the law is mandatory, the remedy by petition for writ of mandamus is the proper one. *Richard* v. *Wheeler*, 2 Aik. 369; *People* v. *Cortelyou*, 36 Barb. 164; *Griffith* v. *Cochrane*, 5 Binn. 103; *Delaney* v. *Goddin*, 12 Grat. 266; *Ex parte Caykendoll*, 6 Cow. 52; *State* v. *Hastings*, 10 Wis. 518; *Citizens' Bank* v. *Wright*, 6 Ohio State, 318; *People* v. *Contracting Board*, 20 Howard, (N. Y.) 212. It does not follow, even if the statute is *directory* merely—that is, that the disregard of its provisions would not render the acts of the board entirely *void*—that a seasonable petition for a writ of mandamus to compel them to follow even the *directory* provisions, would not be granted.

III. The form of the advertisement is substantially in accordance with the law. It refers to the law itself for details—and so the form of the statute becomes part of the advertisement. But the neglect of the secretary to comply with the law in respect to the advertisement, cannot excuse the examining board from obeying the other provisions of the statute. One error does not legalize another. The law is conclusively presumed to be known by every one ; and the bidders would be governed by it in

making their proposals; and those who complied with the law could not be deprived of the rights given them by that law, on account of the neglect of the secretary.

IV.   The erroneous practice of the board in 1868, 1869, and 1870, in receiving bids after the 10th of July, has no effect either upon the duty of the board, or the rights of the bidders.

·V.   Neither is the statute nullified, nor the rights of bidders under it, lost, because the board neglected to do their duty on the third Monday of July.   If it was their duty to obey the law on that day, that duty still continues, notwithstanding that day has passed.   Within the general purpose of the statute there is still ample time to exercise their judgment upon the proper subject-matter, and secure the seasonable execution of the state printing. Suppose the board had entirely refused to act on the third Monday of July, would not the court grant a mandamus to compel them to act after that time ?   *People* v. *Supervisors of Chenango*, 4 Seld. 318.

VI.   ·The petitioner had no occasion to file any bond until its proposal had been accepted and notice to that effect given to it.

VII.   The alteration of the petitioner's proposal, after it had been, with the other proposals, opened and examined, by a reduction in the price of binding, does not affect the case.

VIII. : The proposals of Willard & Wheelock were not deposited in the office of the secretary of state until the 15th of July. What took place between Wheelock and Wing, was not equivalent to a deposit.   The law provides, in effect, that the proposal *must* be so deposited by the 10th of July.   This imperative requirement of the law could not be waived by the secretary or auditor, much less by the deputy secretary.

IX.   Even though the relator may have a right of action against the members of the examining board for their neglect of duty, (which is uncertain,) yet the remedy by such an action is of such doubtful and uncertain character, and so different in its results from that given by *mandamus*, and so entirely inadequate, as not to supersede the latter remedy. 3 Bl. Com. 110 ; *People* v. *Mead*, 24 N. Y. 120 ; *McCollough* v. *Mayor of Brooklyn*, 23 Wend. 458 ;

*People* v. *Supervisors of Columbia Co.* 10 Wend. 363; *Strong, Petitioner,* 20 Pick. 497.

*Heaton & Reed,* for the respondents.

I.   The act of 1867 is peculiar.   It requires the advertisement to state the time of depositing the proposals.   It does not require the proposals to be deposited at that time.   It does not forbid their being acted on, if deposited before the opening.   The construction claimed might defeat one of the most important objects of the law.   But all these provisions are for the benefit of the state, and confer no rights till acted on.

II.   This is not a case where the board has refused to act.   It has acted, exercised its discretion, decided and awarded.   And there is no precedent where this writ has been granted in such case.   *People* v. *Contracting Board,* 27 N. Y. 378; *State* v. *Commissioners of Printing,* 18 Ohio State, 386; *State* v. *Board of Education,* 24 Wis. 683.

III.   Action under this statute, involves judicial decision and discretion, both as to what proposals to act upon, and as to which is most advantageous to the state.   In such cases, *mandamus* does not lie.   Moses on Mandamus, 65, 67, 70, 77, 78, 82, 83; *Kendall* v. *United States,* 12 Peters, 524; *Decatur* v. *Paulding,* 14 Peters, 497, 515; *Reeside* v. *Walker,* 11 How. 272, 290; *State of Ohio* v. *Chase,* 5 Ohio State, 529; *Marbury* v. *Madison,* 1 Cranch, 170; *United States* v. *Guthrie,* 17 How. 284.

IV.   This is substantially a petition for a *mandamus* to compel a state officer to make a contract.   This has never been allowed. Moses on Mandamus, 124, 134–5–6; *People* v. *Croton Aq. Board,* 26 Barb. 240; *People* v. *Canal Board,* 13 Barb. 432.

V.   The provisions of the statute as to the time of depositing the proposals, can be no more than *directory.*   Sedg. Stat. Law, 368 *et seq;* Smith's Com. 670, 679, 680, and cases cited; *Colt* v. *Evans,* 12 Conn. 243, 254, and cases cited; *People* v. *Allen,* 6 Wend. 487; *People* v. *Supervisors of Ulster Co.* 34 N. Y. 268; *Evans* v. *Chapin,* 20 How. Pr. 289.

VI.   The advertisement itself is defective.   And if these state officers cannot act lawfully except with the strictness required by

the relator, then the whole proceedings are irregular, and no rights can be acquired under them.

VII.  The bid of the relator, as amended after it was opened, was not in fact a better compliance with what is claimed to be the law by the relator, than the bids of Willard & Wheelock and J. & J. M. Poland, on which the state printing was awarded by respondents.

VIII.  The issuing of this writ is matter of judicial discretion. *Ex parte Fleming*, 4 Hill, 581 ; *People* v. *Dowling and Kelley*, 37 How. Pr. 394.

IX.  It can hardly be claimed that the relator has a clear absolute right by the laws of the land to the object of his prayer. *People v. Supervisors of Chenango Co.* 1 Kernan, 563, 574 ; *Kellogg* v. *Page*, 44 Vt. 356.

The opinion of the court was delivered by

ROYCE, J.  The petition of the relator is for a writ of mandamus to issue against the defendants, commanding them to examine the sealed proposals for the state printing which were deposited in the office of the secretary of state on or before the 10th day of July, 1872, and none others, and therefrom to accept the one most advantgeous to the state, and at once thereafter notify the party making such proposal, and close the contract for said printing in accordance with such proposal so accepted, and that such further order may be had in the premises as justice may require.

One of said proposals was deposited in the office of the secretary of state by the relator, and the object of the relator is to compel the defendants to examine and act upon said proposal in exclusion of all others not so deposited.  This petition was served on the 29th of July, 1872, and it is admitted that the contracts for the state printing were awarded to J. & J. M. Poland and Willard & Wheelock on the 15th day of July, 1872, at an expense of at least $2,000 dollars less than the proposal made by the relator and that made by Camp & Cummings, which were the only ones that the relator claims the defendants had the right to consider and act upon.  If the defendants had the legal right to award the contracts, their power and authority over the subject was exhausted when the

awards were made, and this would be conclusive of the relator's right. In considering this question, it becomes important to enquire what construction should be put upon the act of 1867 under which the parties acted. The first section requires that the secretary of state, on the first week in June, shall advertise in one weekly newspaper in each county where there is one printed, for sealed proposals. This requirement is ·mandatory upon the officer. It is positive and certain, and leaves nothing to his discretion. It then provides that said advertisement shall state the matter to be printed, and the form and style of the same, and when to be completed, · and that said sealed proposals must state the character of the work proposed to be done, and must be deposited in the secretary of state's office on or before the 10th day of July thereafter.

The second section provides that on the third Monday of July in each year, the secretary of state and the auditor of accounts shall publicly open and examine said sealed proposals, and shall accept the one most advantageous to the state.

Courts in construing statutes are to give effect to the intent of the law-making power, and are first to seek for that intent in the words and language employed, and if this is free from ambiguity, and expresses clearly the sense of the framers, there is no occasion for resorting to other means of interpretation; but when the sense is not thus expressed, the intent is to be deduced from the context, the occasion and necessity for the law, the mischief felt, and the object and remedy in view.

Previous to the statute of 1867, the secretary of state was required, between the first days of June and August, to receive proposals for printing such matter as was required to be published, and was to contract with such person or persons as should offer the best terms. He was not required to advertise for proposals, and was constituted sole judge as to what proposals he would receive and act upon in awarding contracts.

One of the mischiefs of the law was that there was no compulsory mode provided of giving general notice that such contracts would be made, and the objects and remedies proposed by the act of 1867 were, by compelling the advertisements, to induce compe-

4

tition, and thus secure the execution of the work at a reasonable price, and to protect those who might bid for the work against favoritism by the officers whose duty it would be to award the contracts. The principal object of the law was to benefit the state. Where the terms of a statute leave room for any administrative discretion to be exercised, it cannot be interpreted to be mandatory. Potter's Dwarris, 222, and note 29. And a statute directing the mode of proceeding by public officers, is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute. *People v. Cook*, 8 N. Y. 67.

The requirement in the advertisement as to the time when proposals were to be deposited in the secretary's office, was not intended as a limitation of power upon the part of the officers in examining and acting upon proposals. The *essence* of the thing required to be done by the secretary of state and auditor of accounts was, that they should, on the third Monday of July, accept the proposal most advantageous to the state. It stands admitted that this duty was performed.

The writ of mandamus is subject to the legal and equitable discretion of the court, and ought not to be issued in cases of doubtful right. *Life and Fire Insurance Co.* v. *Wilson's Heirs*, 8 Peters, 291. And in this case we think the writ should not be awarded. The petition is dismissed with costs.