THE STATE *ex rel.* STATE JOURNAL COMPANY, *Appellant,*
v. McGRATH *et al.*, COMMISSIONERS OF PUBLIC.
PRINTING.

1. Public Contracts: LOWEST BIDDER: MANDAMUS. The duties of officers, entrusted with the letting of contracts for public work to the lowest responsible bidder, are not of a strictly ministerial nature, but involve the exercise of such a degree of official discretion as to place them beyond the control of the courts by mandamus.

2. Public Printing: STATUTE: MANDAMUS. Revised Statutes, section 6595, provides in reference to letting contracts for public printing, that "the commissioners, or any two of them, shall, within two days after the expiration of the term for receiving proposals, pro-

The State ex rel. v. McGrath.

ceed to open all such proposals by them received, and they shall, on careful examination and computation, award the contract for each class of printing to the lowest responsible bidder therefor." *Held*, that the courts would not interfere by mandamus to compel the commissioners to award the contract to relator on the ground that it was the lowest responsible bidder.

*Appeal from Cole Circuit Court.*—Hon. E. L. Edwards, Judge.

AFFIRMED.

*J. C. Fisher* for appellant.

(1) The secretary of state, auditor, and register of lands, shall be *ex officio* commissioners of public printing. R. S., sec. 6595. The commissioners shall receive proposals for the same. R. S., sec. 6594. "They shall, on careful examination and computation, award the contract to the lowest responsible bidder therefor." R. S., sec. 6595. The commissioners omitted to perform a plain statutory duty, entirely ministerial in its character, and in such case mandamus will lie. *State ex rel. v. Harrison*, 38 Mo. 541; *State ex rel. v. Schofield*, 41 Mo. 39; *State ex rel. v. School District*, 74 Mo. 21; *Lower v. United States*, 91 U. S. [Otto 1] 536; *State ex rel. v. Secretary of State*, 33 Mo. 293; *State v. Vail*, 53 Mo. 97. (2) Mandamus lies to compel a public officer to perform a duty concerning which he is vested with no discretionary power, and which is either imposed upon him by some express enactment or necessarily results from the office which he holds. *Pond v. Parrot*, 42 Conn. 13; *Furrell v. King*, 41 Conn. 448; *Railroad v. Napa Co.*, 30 Cal. 435; *Piatt v. People*, 29 Ill. 54; 74 Mo. 21. (3) Officers acting under a mandatory statute have no discretionary power, and must follow the law. *Commonwealth v. Justice of Hampton*, 2 Pick. 414. (4) Where the proceeding is illegal, the remedy is by mandamus.

*Letherow v. Grundy County Court*, 9 Mo. 75 ; Moses on Mandamus, 14.   (5) The awarding of the contract to the highest bidder was such an abuse by the officers as rendered their act illegal and absolutely void.   *State v. Bank*, 45 Mo. 528; *Delafield v. State of Illinois*, 26 Wend. 191 ; 2 Hill [S. C.] 159 ; *Brady v. City of New York*, 20 N. Y. 312 ; *The Floyd Acceptance*, 7 Wall. 666.

*Smith, Silver & Brown* and *B. G. Boone*, Attorney General, for respondents.

(1) The duty of the commissioners of public printing, the performance of which the relator seeks to compel by mandamus, was wholly statutory.   R. S., sec. 6595.   The statute, since relator has appealed, has been expressly repealed by the act of March 23, 1885.   Acts, p. 220.   The remedy of the relator, if any it ever had, was taken away by the adoption of the said act repealing the statute which enjoined upon the commissioners, the duty which it is alleged they have omitted to perform.   When a statute is repealed it must be considered, except as to transactions past and closed, as if it never existed.   The repeal of sections 6494 and 6495 not only took away the duties therein imposed upon the commissioners, but also the jurisdiction of this court to compel by mandamus the performance of such duties.   *Insurance Co. v. Ritchie*, 5 Wall. 541 ; *Ex parte McCardle*, 7 Wall. 514 ; *United States v. Tyner*, 11 Wall. 88 ; *Norris v. Crocker*, 13 How. 429 ; *Harting v. People*, 22 N. Y. 100 ; *Yeater v. United States*, 5 Cranch, 281 ; *Schooner Rachel v. United States*, 6 Cranch, 329 ; *Watson v. Mercer*, 8 Peters, 88 ; *Bristol v. Supervisors*, 20 Mich. 93 ; Dwarris Statutes, 538 ; *Saturlee v. Mathewson*, 6 S. & R. 169.   This court will take notice of the said repealing act of March 23, 1885.   *State v. Case*, 53 Mo. 246; *State v. Jeffries*, 64 Mo. 381 ; *State v. Broderick*, 70 Mo. 622.   (2) It is a fundamental principle of the law of mandamus, that the writ will

never be granted in cases when, if issued, it would be unavailing. And wherever it is apparent to the court that the object sought is impossible of attainment, either through want of power on part of the persons against whom the extraordinary jurisdiction of the court is invoked, or for other sufficient causes, so that the granting of the writ will be fruitless, the court will refuse to interfere. If it is apparent that the writ, if granted, cannot be enforced by the court, relief will be withheld. High on Extra. Rem., sec. 14; *Williams v. Co. Com.*, 35 Me. 345; *People v. Railroad*, 55 Ill. 95; *Insurance Co. v. Supervisors*, 24 Barb. 166; *Bassett v. School Directors*, 9 La. An. 513; *State v. Perrim*, 5 Vroom, 254. The contract which the relator seeks to have awarded to him has, by its terms, and under the law, long since expired—so that the contract, and the statute authorizing it, have both ceased to exist. R. S., secs. 6594–95; Session Acts, 1885, p. 220. (3) The relator alleges that it bid for certain public printing, and that its bid was not accepted. Its proposal bound neither party and was never consummated by contract. It acquired no right against the state and the state none against it. The injury, if any, in rejecting its bid, fell upon the public and not upon the relator, who was an unsuccessful bidder. *Commissioners v. Mitchell*, 82 Pa. St. 351; *People v. Dorsheimer*, 55 How. Pr. 118; *Heffner v. Commonwealth*, 4 Casey [Pa.] 108; *Findly v. Pittsburg*, 82 Pa. St. 343. (4) The theory of the statutes, requiring the letting of such contracts to the lowest bidder, is, that they are designed for the benefit of the state and not the bidder, and they confer no absolute right upon the bidder to enforce the letting of such contract after it has already been awarded to another. High on Extra. Rem., sec. 92; *State ex rel. v. Board of Education*, 24 Wis. 683. Sections 3150, 3151, and 3152, afford relator no protection since it had acquired no right to save. (5) A statute directing a

contract to be "let to the lowest responsible bidder" imposes duties which are not simply ministerial, but discretionary, and courts will not interfere by mandamus with the awarding of a contract to one not the lowest bidder, even though the action of the officer has been indiscreet. *Dunklin Co. Ct. v. Dunklin Dist. Ct.*, 23 Mo. 449; *State ex rel. v. Garesché*, 65 Mo. 485; *Roach v. Ewing*, 55 Mo. 101; *Marquiz v. Frisbie*, 101 U. S. 475; *Rice v. Austin*, 19 Minn. 104; *United States v. Swinan*, 17 Wheat. 229; *Findley v. Pittsburg*, 82 Pa. St. 353; *Heffner v. Commonwealth*, 4 Casey [28 Pa. St.] 108; *Commissioners v. Mitchell*, 82 Pa. St. 343; High on Injunct., sec. 797; *Gains v. Thompson*, 7 Wall. 347; *Moers v. Lindly*, 6 Johns. Ch. 28; *Warfield v. Cochran*, 34 Pa. St. 381; 3 Wait's A. and D. 749. (6) The relator's claim rests upon the right of the state to have the work done by the lowest bidder, and not upon any legal right of his own. Relator must show a clear right. This is indispensable. *People v. Canal Board*, 13 Barb. 443; *People v. Supervisors*, 12 Johns. 414; *Life Insurance Co. v. Hins, etc.*, 8 Peters, 291. (7) The words employed in section 6595 are, that the commissioners shall "award the contract to the lowest responsible bidder." These words clothed the commissioners with discretionary power. In fact and principle this case is "on all fours" with that of *Cunningham v. Mitchell*, and *Findly v. Pittsburg*, 82 Pa. St., already cited. (8) Generally in matters involving the exercise of judgment and discretion, not a ministerial duty, the action of executive officers are not to be interfered with by injunction or mandamus. *Gains v. Thompson*, 7 Wall. 347; *Moers v. Lindley*, 6 Johns. Ch. 28; 3 Wait's A. and D. 749; *Marquiz v. Frisbie*, 101 U. S. 475; *People v. Cent. Board*, 49 Barb. 259; *Reeside v. Walker*, 11 How. [U. S.] 272. (9) But this case must fail for other reasons. Courts do not interfere by mandamus or injunction, for the purpose of controlling the action of

public officers constituting inferior *quasi* judicial tribu-
nals, such as boards of supervisors and the like, on
matters properly pertaining to their jurisdiction, nor
will it review and correct errors in the proceedings of
such officers; the proper remedy is by *certiorari*. High.
on Injunct., sec. 979; *Moers v. Lindly*, 6 Johns. Ch.
28; *Mayor v. Minsole*, 26 Wend. 132; *Hyatt v. Bates*,
40 N. Y. 164; *Warfield v. Cochran*, 34 Pa. St. 381.

RAY, J.—This was a petition for *mandamus*, to
compel the defendants, as *ex officio* commissioners of
public printing, to award to the plaintiff a certain con-
tract for public printing, therein mentioned, having two
years to run from July 1, 1884. The petition was filed
in the Cole circuit court, on July 3, 1884, and afterwards,.
on the same day, an alternative writ was issued by the
judge of said court, returnable to the ensuing December
term thereof; when the defendants filed a demurrer to
the same, which, being heard and considered by the
court, was sustained, and the bill dismissed, from which
judgment the plaintiff has appealed to this court.

The material allegations of the alternative writ, are
to the effect following: That said commissioners, under
section 6594, Revised Statutes, proceeded to advertise
for "sealed proposals" for executing the state printing
for the term of two years from and after July 1, 1884;
that the relator, relying upon the good faith of said
advertisement, so made, did submit its proposals for the
"second-class" printing, so advertised, at the price and
sum of twenty-nine cents per thousand ems for compo-
sition, and twenty-four cents per token for all press
work, which said proposal was accompanied by a satis-
factory bond and security, as required by law; that said
commissioners thereupon proceeded to open all such
proposals by them received, when it appeared that only
two proposals had been submitted for the printing of the
second class—one by relator, at the price and sum afore-

said, and the other by the Tribune Printing Company, at the price and sum of thirty-two cents per thousand ems for composition, and twenty-five cents per token for all press work; and that relator was then found to be the lowest responsible bidder for all printing of said second class, as provided by law. Relator avers and charges that it was the duty of said commissioners, on careful examination and computation, under section 6595, Revised Statutes, to award the contract for said printing to the relator, as such lowest responsible bidder therefor, which the commissioners then and there· refused to do, and still refuse so to do. Relator further says that it is advised, believes, and so charges, that said commissioners arbitrarily, and in violation of law, have awarded said contract for said printing to the said Tribune Printing Company, which was not the lowest responsible bidder therefor; that great injury will be done relator and the taxpayers of the state if said contract is not awarded to the lowest bidder; that the relator is without other adequate remedy for the wrong so done, unless it be corrected by writ of *mandamus;* wherefore relator prays that said commissioners be required to vacate, cancel, and annul, the award of said contract for said printing to said Tribune Printing Company, and that they forthwith award the same to relator as duly bound by law.

It is insisted for relator, among other things, first, that the commissioners of public printing are mere ministerial officers, whose duties, under the statute, are fixed and plain, and that they have no discretion in the premises, and that *mandamus* will lie to compel the performance of duties thus imposed; second, that relator's bid for the proposed printing, being the lowest responsible bid, in and of itself, by operation of law, vested absolutely in the relator the contract for said printing, and gave it such interest and legal rights as are enforceable by writ of mandamus; and that the

attempted award of said contract to the Tribune Printing Company was, and is, absolutely null and void. On the contrary, it is claimed for the respondents, that they are not mere ministerial officers without diecretion, and that mandamus will not lie to compel them to award the contract to relator; that the theory of statutes requiring the letting of such public contracts to the lowest bidder, is, that they are designed rather for the benefit and protection of the public than the bidder, and that such proposals confer upon the bidder no absolute right to enforce by mandamus the letting of such public contracts after they have already been awarded to another.

The decided weight of authority on these questions, to which we have been cited, and to which we have had access, is to the effect following:

High's Extraordinary Legal Remedies, section 92, treating of the duties of public officers entrusted with the letting of contracts for public work, uses this language: "The better doctrine, however, as to all such cases of this nature, and one which has the support of an almost uniform current of authority, is, that the duties of officers, entrusted with the letting of contracts for works of public improvements to the lowest bidder, are not duties of a strictly ministerial nature, but involve the exercise of such a degree of official discretion as to place them beyond the control of the courts by mandamus."

In the case of *State ex rel. Phelan v. Board of Education*, 24 Wis. 683, the ruling of the court is to the effect that when the law requires a public work to be let to the lowest bidder, such bidder, after his bid has been rejected and the contract awarded to another, has no absolute right to a mandamus to compel the execution of a contract with him; and, in this case, the court refuses to complicate the matter by directing the court below to issue the writ.

In the case of *Commonwealth ex rel. Snyder v.*

*Mitchell*, 82 Pa. St. 343, treating of a statute and proposals on a kindred subject, the ruling of the court is to the following effect: "The word 'responsible,' in the sixth section of the act of May 23, 1874, has a broader meaning than is involved in the pecuniary ability to make a good contract by security for its faithful performance, and when the term is applied to contracts requiring for their execution not only pecuniary ability, but also judgment and skill, the statute imposes not merely a ministerial duty upon the city authorities, but also duties and powers which are deliberate and discretionary, and, therefore, when these authorities have exercised a discretion, mandamus will not lie to compel them to modify their decision, even though their action was erroneous, in the absence of clear proof of fraud, or bad faith.

Numerous authorities elsewhere are to the same effect, among them the following: *The People v. The Contracting Board*, 27 N. Y. 378; *The People ex rel. v. Croton Ac. Board*, 49 Barb. 259; *Free Press Ass'n v Nichols*, 45 Vt. 7; *The People v. Contracting Board*, 33 N. Y. 382. Tested by these authorities, and the rules therein stated, it must be held, and we think rightfully, that the circuit court committed no error in its ruling, and judgment upon the demurrer.

Other questions and authorities have been suggested and cited in briefs of counsel, but as the above disposes of the case upon its merits, they need not be considered or discussed. The judgment of the circuit court is therefore affirmed, in which all concur.