W. H. RUGG AND WIFE

v.

WILBUR P. DAVIS AND THEOPHILUS ARCHAM-
BAULT.

JANUARY TERM, 1896.

*Mandamus to correct judgment record wanting in amount
of damage.   Evidence.   Costs.*

1.   The supreme court will not, upon mandamus, order the clerk
of the county court to complete the record of a judgment
by inserting the amount of damages as formerly assessed by
him, when such amount cannot be established with cer-
tainty.

2.   *Held*, that the evidence in this case did not establish the
amount with sufficient certainty, the assessment having
been five years before, and the only direct evidence being
the recollection of the plaintiff's attorney as to what the
clerk told him.

3.   The petition, being brought against the defendant in the
original suit and the clerk, was dismissed with cost to the
defendant and without cost to the clerk.

Petition for mandamus to compel the clerk of the Franklin
county court to complete the record of a judgment of that
court by inserting the amount of the damages.   Heard at the
January term, 1896.

*Adams & Mott* for the relator.

*Farrington & Post* for the defendant.

Mandamus is not the proper remedy. The case should be brought forward in the county court. *Sabin* v. *Rounds*, 50 Vt. 74; Spellman, Ext. Relief, ss. 1366, 1368.

MUNSON, J.   The petition alleges that the relators obtained a judgment against the defendant Archambault at the April term of the Franklin county court in 1890, and that their damages were afterwards assessed by the defendant Davis as clerk of said court; that a record of the rendition of a judgment, with blanks for the filling in of damages and costs, was duly made by the clerk, but that he inadvertently omitted to fill the blanks when the assessment was made; and that he now refuses to perfect his record by entering the amount of such assessment. The answer of defendant Davis states that he has no recollection of a hearing in the matter of damages, and is unable to find any minutes of one; and admits that if an assessment was made he inadvertently omitted to enter the amount.

The parties to the suit and their counsel concur in deposing that there was a hearing, and that the clerk held the matter for consideration. The plaintiff's attorney deposes that the clerk announced a decision soon after the hearing, and that the sum allowed was one hundred and twenty-three dollars and some cents; but he is unable to state the place where, the persons to whom, or the circumstances under which, the decision was announced. He had given the matter no thought until the fall of 1895, supposing the amount was upon record, and could not have given the amount at the time he examined the records; but, finding it was not upon record, he called the matter to mind, obtained from a conversation with his client some facts and circumstances which refreshed and aided his recollection, and now feels able to state confidently the number of dollars assessed. The client deposes that a few days after the hearing he learned that he had been given one hundred and twenty-three dollars and some cents, and had some conversation with his counsel in regard to it. A

witness who testified for the plaintiff at the hearing, deposes that a few weeks after the hearing he was told of the decision, either by the plaintiff or his counsel, and that the amount as stated to him was about one hundred and twenty-five dollars. The defendant in the suit and his counsel both depose that they were not informed of any decision. and have no knowledge in regard to one.

It is said that the issuance of a writ of mandamus is within the judicial discretion of the court, and that it ought not to be granted in a matter of doubtful right. *Free Press Association* v. *Nichols*, 45 Vt. 7. This rule clearly requires that the writ be denied when the fact upon which the relief is claimed cannot be satisfactorily established. The case presented by the relators is lacking in this respect. It appears that no memorandum of the assessment can be found, and that none was made by any one who now testifies to the amount. The clerk has absolutely no recollection of making an assessment, and no one on the defendant's side was informed of one. The ascertainment of the amount depends solely upon the recollections of the plaintiff and his attorney and a person who testified in his behalf. Of these three, the attorney is the only one who received the amount directly from the clerk, and he suffered it to pass entirely from his mind, and now produces it, after the lapse of five years, from a recollection refreshed by conversations with his client. We think the ascertainment of the amount does not rest upon a basis sufficiently certain to justify the court in directing a completion of the record.

*Petition dismissed with costs to defendant Archambault, but without costs to defendant Davis.*