Anna C. Fisher, as Executrix of Sarah A. Connor, Deceased, Respondent, *v.* Title Guarantee and Trust Company, Appellant.

Argued December 8, 1941; decided January 15, 1942.

*Flynn L. Andrew* and *John M. Friedman* for appellant. Defendant, under the provisions of the certificates and the guaranty, had no power or duty to collect the principal

and interest and was expressly restrained from so doing. No conversion ensued by reason of defendant doing what it was required to do under the terms of the guaranty. (*Matter of Bond & Mortgage Guarantee Co.* [*City Bank Farmers Trust Co.*], 271 N. Y. 452; *Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 271 N. Y. 302; *Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 273 N. Y. 415; *Kline* v. *275 Madison Ave. Corp.*, 149 Misc. Rep. 797; *Singer* v. *Title Guarantee & Trust Co.*, 160 Misc. Rep. 447; *Matter of Kelsey*, 186 App. Div. 95.)

*Paul A. Crouch* for respondent. The assignment to the mortgage company, made as the initial step in a foreclosure in hostility to plaintiff's rights, is a conversion. (*Laverty* v. *Snethen*, 68 N. Y. 522; *Kittredge* v. *Grannis*, 244 N. Y. 168; *Cady* v. *Bank of Manlius*, 285 N. Y. 837; *Mendelson* v. *Boettger*, 257 App. Div. 167; 281 N. Y. 747.) Defendant is responsible to plaintiff for the loss of recourse against the guarantee company. (*Strebler* v. *Title Guarantee & Trust Co.*, 250 App. Div. 846; 277 N. Y. 730; *Bush Terminal Co.* v. *Globe & Rutgers Fire Ins. Co.*, 182 App. Div. 748; 228 N. Y. 575; *International Products Co.* v. *Erie R. R. Co.*, 244 N. Y. 331; 275 U. S. 527; *Hendry* v. *Title Guarantee & Trust Co.*, 165 Misc. Rep. 349; 255 App. Div. 497; 280 N. Y. 740; *Perillo* v. *Zunino*, 259 N. Y. 21; *Levy Fabrics, Inc.*, v. *Shapiro Bros. Factors Corp.*, 259 App. Div. 463.) The policy of guaranty conferred no immunity for the consequences of defendant's own acts. (*Cady* v. *Bank of Manlius*, 285 N. Y. 837; *Cunningham* v. *Pressed Steel Car Co.*, 238 App. Div. 624; 263 N. Y. 671; *Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 273 N. Y. 415; *Skutt, Inc.*, v. *Goodwin, Ltd.*, 251 App. Div. 84.)

LOUGHRAN, J. For convenience, we abbreviate the corporate names appearing in the record. The defendant Title Guarantee and Trust Company will be called the Title Company. Bond and Mortgage Guarantee Company will be called the Guarantee Company. Municipal Mortgage Company will be called the Mortgage Company.

In April, 1928, the Title Company issued to the plaintiff's testatrix (Sarah A. Connor) two written instruments each of which was in the following form:

" GUARANTEED FIRST MORTGAGE CERTIFICATE
\* \* \*

Guaranteed by
" BOND AND MORTGAGE GUARANTEE COMPANY

Issued by
" TITLE GUARANTEE AND TRUST COMPANY
\* \* \*

" Title Guarantee and Trust Company, hereinafter called ' the Company ' has received from

Sarah A. Connor,

" the sum of $6,000.00 for the purchase of and hereby assigns to the purchaser an undivided share equal to that amount, with interest thereon at the rate of 5% per annum, in the bond of

Louis Alten,

" for $12,000.00 due March 26th, 1933 and in the first mortgage securing the same covering

1749 Topping Avenue,

" Interest days April 1st and October 1st.

" This bond and mortgage, together with the policy of the Bond and Mortgage Guarantee Company guaranteeing to holders of this and similar certificates payments of principal and interest, are held by the [Title] Company as depositary and agent for the holders of such certificates which shall never aggregate more than the amount of principal remaining unpaid on said bond and mortgage, upon the following terms and conditions which are agreed to by the holder of this certificate.

" 1. The [Title] Company holds and shall continue to hold said bond and mortgage, said policy of Bond and Mortgage Guarantee Company and the other instruments and evidences of title relating thereto. for the benefit of the purchaser and any other persons interested therein.

" 2. The [Title] Company, on receipt of the interest and principal of said bond and mortgage, as required therein, shall distribute the same among the persons entitled thereto. If payments not so required are made, certificates for the same amount will be called in and paid off.

" 3. The [Title] Company shall have full power to take any action it may deem necessary or desirable in order to enforce any of the provisions of said bond and mortgage and to protect the mortgage security.

" 4. The [Title] Company may for its own corporate account be the holder or pledgee of similar shares in said bond and mortgage."

Each of these two certificates being for the sum of $6,000, plaintiff's testatrix, as the holder of both, had the entire beneficial interest in the single $12,000 mortgage therein described. This interest passed to the plaintiff, as executrix, in January, 1932.

The policy of the Guarantee Company which covered the certificates ran not only to the Title Company but also to the holder of the certificates who was described in the policy as " The Insured." The Guarantee Company by this policy guaranteed:

" *First:* Payment at the guaranteed rate of interest [5% per annum] * * * from the respective dates from which the insured is entitled to interest * * * out of every installment of interest * * * within five days after the same has beome due.

" *Second:* Payment of the principal and of every installment thereof as soon as collected, but in no event later than eighteen months after it shall have become due and payment thereof shall have been demanded in writing by the insured, with regular payment meantime of interest at the rate guaranteed."

The policy of the Guarantee Company made also this provision: " By the acceptance of this guarantee, this [Guarantee] Company is made irrevocably the agent of the insured until the bonds and mortgages and each of them be paid, with the exclusive right, but at its own expense,

to sue for and receive the proceeds of any policies of title insurance or fire insurance covering the mortgaged premises, and to collect the interest as it falls due on the bonds and mortgages hereby guaranteed. Out of the interest so collected this [Guarantee] Company is authorized to retain as its premiums for this guarantee the excess [one-half of one per cent] over the guaranteed rate named above."

The first question presented in this case is one as to the construction of the provisions of the mortgage certificates quoted above. The Trial Term held that no affirmative duty to collect the mortgage principal or interest was thereby imposed on the Title Company. This was right. In *Strebler* v. *Title Guarantee and Trust Co.* (277 N. Y. 730) *the second cause of action* was that the Guarantee Company had collected the sum due upon such a mortgage certificate owned by *Strebler* and on October 10, 1930, had deposited that sum in its own bank account with the Title Company. The deposit earned $248 interest before the amount thereof was paid to *Strebler* by the Guarantee Company on November 22, 1934. It was that item of interest for which *Strebler* demanded judgment against the Title Company on his second cause of action. Judgment therefor was granted by the courts below on the ground that the Title Company was the agent of *Strebler* with the duty, as such, to collect the amount of the deposit. In this court, that recovery was annulled for the reason that by its issuance of such a mortgage certificate the Title Company assumed no direct obligation of that kind to the holder thereof. (See *Title Guarantee and Trust Co.* v. *Mortgage Commission,* 273 N. Y. 415, 427.) From this definition of the presently pertinent status of the Title Company we go to the factors of the controversy now before us.

The original due date of the mortgage in question was March 26, 1933. It was therein provided, " that the whole of said principal sum shall become due after default in the payment of any installment of principal or of interest for thirty days." When an interest installment became due in April, 1932, the mortgagor made default. Consequently

the mortgage principal became due May 1, 1932, though interest thereon was paid to the plaintiff by the Guarantee Company to and including October 1, 1932.

On October 25, 1932, the Title Company made an outright assignment of the mortgage to the Mortgage Company (a wholly owned subsidiary of the Title Company) and the Mortgage Company, as such assignee, thereupon commenced a foreclosure action. The complaint in that action contained this allegation: "The principal sum remaining unpaid on the bond and mortgage is $12,000, and the plaintiff does not elect to deem the principal sum secured by said bond and mortgage to be immediately due and payable." Judgment of foreclosure and sale was entered in February, 1933. The mortgaged premises were sold on June 1, 1933, to the Mortgage Company "subject to the continuing lien of the first mortgage in the sum of $12,000 with interest thereon at the rate of $5\frac{1}{2}\%$ from April 1st, 1932." The Title Company gave no notice to the plaintiff of any of these events.

In August, 1938, plaintiff brought this action to recover the principal sum of the mortgage with interest thereon from October 25, 1932. At the Trial Term, the defendant Title Company had judgment for reasons stated thus: " The defendant has no duty to collect either the principal or interest, and accordingly it may not be held liable for the alleged negligence of Bond & Mortgage Guarantee Company in the prosecution of the foreclosure action instituted by it. Nor has the plaintiff established any act of conversion by the assignment of the mortgage for the purpose of foreclosure. Municipal Mortgage Company, the assignee, was a wholly owned subsidiary of the defendant. Patently the assignment was one of convenience only and not in denial of any right of the plaintiff as no property right passed by virtue of the assignment." (176 Misc. Rep. 166, 169.)

On appeal by the plaintiff to the Appellate Division, the judgment in favor of the Title Company was reversed and judgment for the plaintiff was directed in the sum of

the mortgage principal of $12,000 less the °found present value of the mortgage certificates ($60) or $11,940, with interest. In respect of the way in which the Title Company had dealt with the mortgage as above set forth, the Appellate Division said: " There appears to be no reason for waiving collection, except to aid the Guarantee Company, for the effect of the election was not only to extend the time of the mortgagor to pay the principal of the mortgage, but to postpone plaintiff's recourse against Guarantee Company. We find that the decision in *Strebler* v. *Title Guarantee and Trust Co.* (277 N. Y. 730) requires us to hold that the action taken here by defendant [Title Company] created a liability on its part for conversion, or at least for breach of contract." (262 App. Div. 293, 296.)

We think the finding by the Appellate Division of a design of the Title Company so to aid the Guarantee Company is in accord with the weight of the evidence. On that basis it followed, as the Appellate Division held, that our affirmance of the recovery had *on the first cause of action* in the *Strebler* case (*supra*) authorized the award to the present plaintiff of her damages; for the wrongful expropriation of the mortgage by the Title Company through its unqualified transfer thereof to the Mortgage Company answered the purpose to deprive this plaintiff of any resort to the Guarantee Company on its policy prior to March 26, 1933, the original due date of the mortgage.

As appellant in this court, the Title Company asserts that this misfeasance on its part was not the cause of plaintiff's loss. This assertion is sought to be grounded in the provision of the policy of the Guarantee Company whereby that company undertook to make payment of the principal of the mortgage " as soon as collected, but in no event later than eighteen months after it shall have become due and payment thereof shall have been demanded in writing by the insured." The Guarantee Company went into liquidation in August, 1933, less than eighteen months subsequently to the date (May 1, 1932) when the plaintiff was first entitled to treat with the Guarantee Company for

payment of the mortgage principal. Hence — so the Title Company says — the loss suffered by the plaintiff would have fallen upon her anyhow.

But the Guarantee Company was solvent at the time the Title Company for reasons of its own disabled the plaintiff in her status as beneficial owner of the guaranteed mortgage. For all the Title Company has shown, the then market value of the deposited security was equal to the sum guaranteed. We see no reason to doubt the admissibility of the measure of damage which the Appellate Division applied. (*Strebler* v. *Title Guarantee and Trust Co., supra.*)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.