Bertram Harnett, J.
On December 24,1970, Joseph Candido, a computer programmer employed by Veeco Instruments, Inc., was fired. Shortly afterwards, Candido took home with him certain company program materials on which he exclusively was working and threw out some, r Veeco brings this action for compensatory and punitive damages resulting from Candido’s claimed conversion of the corporate data processing information.
Candido was in charge of some 250 operational programs used in Veeco’s current activities. Each program is a list of instructions to a computer prepared by a programmer. Before being used, the list must be translated into a programmer lan-' guage and then punched on computer cards, called the ‘ ‘ source deck ”. In order to be intelligible to the computer, the source deck must be translated into an “object deck” which, upon being fed through the computer, yields the “source list ”, a processed version of the source deck. The “data files” are compilations of the computer processed information which, along with a listing of all programs, are indexed in the “file description ”.
Candido admitted at trial that after being fired he threw out company program lists, took home with him file descriptions, and despite Veeco’s request to return its property, refused to give back a single item.
Valuable paper documents may properly be the subject of an action for conversion (see, e.g., Jennie Clarkson Home for Children v. Missouri Kansas & Texas Ry. Co., 182 N. Y. 47; Griggs v. Day, 136 N. Y. 152) including written records of business or operational transactions. (Blumenthal v. Lewy, 82 App. Div. 535; Ann. 44 ALR 2d 945.) Moreover, any use of such property beyond the authority which the owner conferred upon the user, or in violation of the instructions given, is conversion. (Quintal v. Kellner, 264 N. Y. 32; Fisher v. Title Guar. & Trust Co., 262 App. Div. 293, affd. 287 N. Y. 275; Ursitti v. Swid, 71 N. Y. S. 2d 208.) Further, conversion may be predicated upon intentional destruction of personal property (Metropolitan El. Ry. Co. v. Kneeland, 120 N. Y. 134). There *335 is no claim by Candido that he accidentally or inadvertently disposed of the lists and description. His testimony indicates a conscious and determined act on his part in both throwing away and retaining and refusing to return the corporate data.
Since it is undisputed that no Veeco official authorized this use of its material, Candido’s actions clearly constitute conversion.
The critical question in this case therefore is the computation of damages. When the data were found missing, Veeco felt obliged to reprocess at once the information left on file so as to re-create for current operations the absent lists and descriptions. By the time it secured return of data in Candido’s possession, by court order directing the Sheriff to seize it, most of the makeup operations had been completed.
The testimony of Veeco’s supervisor of computer operations was that 22% computer hours and 30 programming man days were required to reproduce the missing material in order for the company to be restored to operation before the records were taken, although this was at some variance with its bill of particulars.
Candido claims that the lists and description which he took were “ old ”, inaccurate and of little value, and in any event could easily have been reproduced from the source cards remaining with Veeco. The evidence disclosed, however, that 90% of the missing lists and 75% of the file descriptions were recovered from Candido. Therefore, it is clear that the bulk of the material was not deemed old or worthless by him. Even if somewhat lacking in currency and precision, the data misappropriated were the most current information available and would therefore be important to the creation of future new or improved program lists and file descriptions. The defendant’s evidence discounting the necessity for and value of the man and machine time spent to restore the data is not credible.
It stands to reason, from the testimony, that the current lists and descriptions being necessary components of the company’s computer operations, were functional and valuable, and unless duplications were kept or Candido’s programs were discontinued, would have to be reconstructed. Once the lists and descriptions were gone, their re-creation was a probable, natural and logical step to make the company operation whole again. Further, Candido made no showing that, assuming re-creation was required, Veeco’s method of doing so was unreasonable or exorbitant.
*336 Reasonable certainty as to the amount of damage, not mathematical precision, is required for recovery. (Gombert v. New York Cent. & Hudson Riv. R. R. Co., 195 N. Y. 273.) However, Veeco’s proof as to its actual damages is less than entirely convincing. The court is satisfied only that, with respect to computer hours and programming man days, it is entitled to compensatory damages of $2,150. (See Haughey v. Belmont Quadrangle Drilling Corp., 284 N. Y. 136; Swain v. Schieffelin, 134 N. Y. 471.)
Punitive damages, as demanded, may be awarded in the discretion of the court (Beavers v. Calloway, 61 N. Y. S. 2d 804, affd. 271 App. Div. 820; Binghamton Plaza v. Gilinsky, 32 A D 2d 994) in order to punish a defendant for his intentional unlawful acts and to serve as a deterrent to future similar acts. (Reid v. Terwilliger, 116 N. Y. 530.) It must be shown that the defendant acted with actual malice or such recklessness as to warrant the inference of malice. (Gordon v. Nationwide Mut. Ins. Co., 62 Misc 2d 689; Hafner v. Guerlain, Inc., 34 A D 2d 162.) Gandido’s actions were clearly conscious and willful and his testimony that he believed that the material taken and destroyed was not significant to Veeco is simply not credible.
It is true that Veeco’s expert admitted that it is “ recommended practice ” to keep duplications of program lists but that, as appears to have been the case with Veeco, smaller companies do not, because of the time and expense involved. But for Veeco’s economy measure, the re-creation process could have been largely avoided. Although the wrongdoer takes his victim as he finds him, Veeco’s lack of comprehensive records, a business practice which should not be encouraged, may be considered as a mitigating factor to the entire question of punitive damage assessment. Accordingly, punitive damages are awarded in the amount of $100.
Judgment is therefore granted in favor of the plaintiff in the amount of $2,150 compensatory damages and $100 punitive damages.