**Gene OSTER, Plaintiff-Appellant,**

v.

**KRIBS FORD, INC., and John S. Kribs, Defendants-Respondents.**

No. 62380.

Supreme Court of Missouri,
Division No. 1.

Feb. 9, 1981.

Rehearing Denied March 9, 1981.

Martin Schiff, Jr., Webster Groves, for plaintiff-appellant.

Charles S. Sigoloff, St. Louis, for defendants-respondents.

WELBORN, Commissioner.

Plaintiff-appellant Gene Oster brought suit against his former employer, Kribs Ford, Inc., and John Kribs, its president, for wrongful conversion of certain records allegedly belonging to Oster. On defendants' motion the trial court dismissed plaintiff's amended petition with prejudice for failure to state a claim on which relief could be granted.

Plaintiff appealed to the Missouri Court of Appeals, Eastern District. That court affirmed the judgment of the trial court. The Missouri Supreme Court ordered the case transferred on motion of appellant. (Portions of the court of appeals opinion are here used, without quotation marks.)

After 16 years as a new car salesman, plaintiff's employment with Kribs Ford, Inc., was terminated. At the time of his termination, plaintiff requested, but was not allowed to keep, copies of the records or invoices reflecting the sales he had made during the course of his employment. When subsequent demands that the records be turned over to him were unavailing, plaintiff filed suit for wrongful conversion of personal property against Kribs Ford, Inc. and John Kribs. Plaintiff's petition was dismissed on defendants' motion for failure to state a claim, and he was given leave to amend. Defendants challenged the amended petition on the same ground, and the trial court dismissed it with prejudice.

The material portions of the amended petition are as follows:

5. At or about the time of plaintiff's aforesaid termination and discontinuance of employment, the defendants and each of them declined and refused to permit plaintiff to leave the premises of Kribs Ford, Inc. with certain copies of sales invoices or records commonly known and referred to as "pink slips," or "onion skins," or "salesman's copies of invoices."

6. The aforesaid copies of invoices or "pink slips," or "onion skins," representing records of sales made by plaintiff from approximately January, 1969 through March, 1976, *were then and are now personal property of the plaintiff, to which plaintiff there and then had and continues to have the right to immediate possession based upon long-standing practice and custom observed at the premises of defendants*, and which said records were then and are now wrongfully withheld from plaintiff by defendants. (emphasis added)

The appellant's petition is directed at records which, under the general "shop rights" rule would belong to the employer, the respondent Kribs Ford, Inc. *Dewey v. American Stair Glide Corporation*, 557 S.W.2d 643 (Mo.App.1977). However, the petition has sought to avoid the effect of that general rule by relying upon a custom upon the premises of the respondent under which the items in question are the personal property of the salesman, to which he has the right of possession. A custom may be operative upon parties to a contract of employment. *State v. Nangle*, 405 S.W.2d 501, 504 (Mo. App.1966). In that case, the court did state: "The existence of the usage, and the parties' knowledge of and reliance thereon, must be specifically pleaded." 405 S.W.2d 504. However, the court refused to hold that a petition which alleged an effective custom in general terms failed to state a cause of action, given the liberality with which a petition must be viewed upon a motion to dismiss and the right of plaintiff to amend.

"* * * A petition is not to be held insufficient merely because of a lack of definiteness or because of informality in the statement of an essential fact, and under modern pleading principles, a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pillow v. General American Life Ins. Co.*, 564 S.W.2d 276, 279[1] (Mo.App.1978).

Here the petition is sufficient to "invoke the substantive principles of law which entitle plaintiff to relief. It alleges facts which inform defendant of what plaintiff will attempt to establish at trial." *Scheibel v. Hillis*, 531 S.W.2d 285, 290[12-14] (Mo. banc 1976). The allegations regarding custom may be subject to being made more definite upon proper motion. *Nangle.*

Appellant's claim is directed at specific tangible items. The records here involved are properly the subject of conversion. *Veeco Instruments, Inc. v. Candido*, 70 Misc.2d 333, 334 N.Y.S.2d 321 (Sup.Ct.1972).

The claim is not directed at "ideas" as in *Norman Schuman Interiors, Inc. v. Sacks*, 479 S.W.2d 200, 203[4, 5] (Mo.App.1972), or a list, as in *Stern v. Kaufman's Bakery, Inc.*, 191 N.Y.S.2d 734 (Sup.Co.1959).

Reversed and remanded.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.