HANLIN v. THE IND. DIST. OF CHARLES CITY.

1. **School Districts:** AWARDING CONTRACT FOR SCHOOL-HOUSE: MANDAMUS. Where the school board, in inviting proposals for the erection of a school-house, stated: "The contract will be awarded to the lowest responsible bidder. The board reserve the right to reject any and all bids," *held* that *mandamus* would not lie, at the instance of one who claimed to be the lowest responsible bidder, to compel the board to award the contract to him.

*Appeal from Floyd Circuit Court.*

THURSDAY, APRIL 23.

THE petition states that the defendant caused a notice to be published that the district contemplated the erection of a school-house, and proposals therefor were invited, and that it was stated in the notice that the contract for building the house would be awarded to the lowest responsible bidder. It is further stated in the petition that the plaintiff is a citizen and tax-payer in the district, and that he, in accordance with the terms of said notice, proposed to erect said school-house for the sum of $9,650, and that he was the lowest responsible bidder; but that the defendant refused to award him the contract for the erection of said house, and let the same to another party at the sum of $9,875. Wherefore the plaintiff asked a *mandamus* commanding the defendant to award said contract to him. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.

*T. B. S. O'Dea*, for appellant.

*P. W. Burr*, for appellee.

SEEVERS, J.—The statute provides that where the cost of the proposed school-house will exceed $300, proposals therefor shall be invited by an advertisement in a newspaper, and that the "contract shall be let to the lowest responsible bidder." In accordance with this statute, a notice was published as therein directed, and it was stated that the "contract will be awarded to the lowest responsible bidder. The board reserve the right to reject any and all bids." The plaintiff knew at the time he made his bid that the board reserved the right to reject any bid that might be made. Such rejection, under the terms of the notice, could be arbitrarily exercised, for any reason satisfactory to them. They had full and complete jurisdiction over the whole subject, and for their action they are not accountable to persons making bids. As between the plaintiff as a bidder and the defendant, the former has no just ground of complaint. Fraud is not alleged, and no relief is asked because the defendant is a tax-payer. The question whether there was a valid letting of the contract is not before us. We simply hold that the plaintiff cannot compel the board to award the contract to him.

AFFIRMED.