STATE ex rel. W. C. MONTFORT, Appellant, v. ALFRED MEIER et al., Respondent.

Kansas City Court of Appeals, April 4, 1910.

MANDAMUS: Discretion of Public Officers. The board of public works of the city of St. Joseph, Missouri, in receiving bids for public work, were directed by the charter to let the contract to the lowest and best bidder, and it had the power to reject all bids. *Held*, that though a bidder's bid was the lowest, he could not compel the board by mandamus to let the contract to him.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

AFFIRMED.

*Allen, Gabbert & Mitchell* for appellant.

*Wm. B. Norris, O. E. Shultz* and *Phil. A. Slattery* for respondent.

(1) A writ of mandamus will not lie to control judicial or discretionary acts, nor to direct a court to enter any particular judgment. It only lies to compel a judge or person vested with a discretion to act, or compel the performance of a mere ministerial duty. State ex rel. v. Fort, 180 Mo. 108; State ex rel. v. Mc-

Grath, 91 Mo. 386; State ex rel. v. Gregory, 83 Mo. 136; State ex rel. v. Francis, 95 Mo. 44. (2) The board of public works is required to exercise a discretion in letting contracts to the lowest and best bidder, as provided by statute. Session Acts 1903, p. 64. State ex rel. v. M'cGrath, 91 Mo. 386; Clapton v. Taylor, 49 Mo. App. 117; State ex rel. v. Gregory, 83 Mo. 136.

ELLISON, J.—This is a proceeding by mandamus to compel the board of public works of the city of St. Joseph to award a contract for the erection of a fire hose house for said city. The respondents demurred to the alternative writ and the trial court sustained the demurrer. Relator appealed.

Contracts for public work in St. Joseph are awarded under the provisions of section 9 of the charter (Laws 1903, p. 63). That part of the section bearing on this controversy reads as follows: "All contracts relating to any improvements herein contemplated shall be made by said board, and shall be awarded to the lowest and best bidder, but such board shall have, at all times, the. power to reject any and all bids."

Relator's petition states his bid was the lowest and best and his compliance with all provisions of the law and his readiness to enter into all proper contracts required, and asks that the board be compelled to award him the contract.

We do not see any merit in relator's view of the case. The petition for the writ must be interpreted with the law under which it is drawn. The charter above quoted leaves to the discretion of the board the decision of which is the best bid. And, furthermore, the board is given, in terms, the authority to reject all bids. No authority is cited by relator in support of his claim, and we are not impressed with the suggestions he makes. The trial court properly interpreted the charter. [Clopton v. Taylor, 49 Mo. App. 117.]

Under the law the board has such authority and discretion as will place it beyond control by mandamus. [State ex rel. v. McGrath, 91 Mo. 386; see also State ex rel. v. Gregory, 83 Mo. 123; State ex rel. v. Francis, 95 Mo. 44; State ex rel. v. Fort, 180 Mo. 97.]

The judgment is affirmed. All concur.