LA MAR CONSTRUCTION COMPANY, Appellant,

v.

HOLT COUNTY, R-II SCHOOL DISTRICT, Respondent.

No. KCD27729.

Missouri Court of Appeals, Kansas City District.

Oct. 12, 1976.

Alan E. South, Crews & Milliard, Kansas City, for appellant.

Wilcox & Houts, St. Joseph, for respondent.

Before SHANGLER, P. J., and HANNA, O'LEARY and L. SMITH, Special Judges.

FOREST W. HANNA, Special Judge.

The respondent Holt County, R–II School District (referred to as the School District) wanted to add a new gymnasium and a classroom to the Mound City High School. It advertised for bids pursuant to Section 177.086 RSMo 1969. The "Notice to Bidders" complied with the statute and specified as follows: "The owner reserves the right to reject any or all bids and to waive any or all formalities". In response to this invitation the School District received four bids from various construction companies and the bid submitted by plaintiff, La Mar Construction Company (referred to as La Mar) was the lowest. The School District's Board of Education discussed the bids, the capacity of the companies submitting the bids, their experience, their performance and the time element for completing the construction and other matters. The contract was awarded to the Glaze Construction Company who was a defendant in the trial court. The trial court sustained the Motion for Summary Judgment in favor of the defendant Glaze Construction Company and that matter has not been appealed to this court.

The plaintiff's Petition for Damages alleges in substance that it is a Missouri corporation engaged in the construction business in this state, that bids were advertised for, four bids were made, that La Mar was the lowest responsible bidder, but regardless of that fact, the contract was awarded to the Glaze Construction Company. It characterizes the School District's award of the contract to Glaze as arbitrary, capricious and unlawful and prays for the affirmative relief that damages be awarded plaintiff La Mar, or alternatively, that the contract awarded to the Glaze Construction Company be cancelled and the contract awarded to plaintiff.

The trial court sustained the School District's Motion for Summary Judgment.

■ The issue, simply stated is: Does the low and unsuccessful bidder have a cause of action against the School District for money damages where the School District by its invitation to bid by statute reserves the right to reject any and all bids? We find that in such a situation the answer must be in the negative and therefore affirm the judgment of the trial court.

The applicable statute, under which the bids were advertised is Subsection 2 of Section 177.086 RSMo 1969, and provides:

"2. No bids shall be entertained by the school district which are not made in accordance with the specifications furnished by them and all contracts shall be let to the lowest responsible bidder complying with the terms of the letting, *provided that the said school district shall have the right to reject any and all bids.*" (Emphasis added.)

■ La Mar has not and cannot state a cause of action because it cannot allege a special pecuniary interest in the matter, showing a clear legal right to the relief asked because the rejection of its bid did not give it any private right which it could enforce for two reasons. The first problem plaintiff faced was that the advertisement in the newspaper requesting bids was an invitation to bid and did not contemplate an acceptance, in a contractual sense, by a submission of a bid in response to that

invitation. Secondly, the statute clearly is intended to safeguard the interest of the public and is not designed to shelter the rights of individuals, i. e., the unsuccessful bidder.

It is noted that the advertisement of the bids is headed "Notice to Bidders" and invites bids to be received by the Board of Education, Holt County, R–II School District at a specified time. The tenor of the advertisement clearly displays an intent to invite bids, or stated another way, invite offers, as distinguished from an intent to propose a contract for a direct acceptance. If there remains any doubt, the reservation that the School District makes to reject any and all bids resolves that matter. It is an invitation or an opening of negotiations to contract to which La Mar responded by making a bid (offer) and which was not accepted (in the contractual sense) by the School District. Since the School District did not accept the offer of La Mar, no contract has been made, and the rejected or unsuccessful bidder obtains no justiciable property right or any vested interest in the matter.

This matter was laid to rest by our Supreme Court in the case of *Anderson et al. v. Board, etc.; of Public Schools,* 122 Mo. 61, 27 S.W. 610, 612 (1894) where the court said: "That advertisement was not an offer of a contract, but an offer to receive proposals for a contract." Further, the Court went on to state that it would make no difference as to the cause or reason for rejection of the bid because the defendant had an unconditional right to reject the bid. The Court recognized the principle of law that where a public body reserves the right to reject any and all bids that are submitted to it they are empowered to do just that and by rejecting a bid they create no vested interest or property right in the rejected bidder.

La Mar filed the lawsuit in its name alone and the Petition contains no allegations that the action was brought by the plaintiff as a member of the public or to protect the interest of the public. These allegations, together with the prayer for

relief, demonstrate that La Mar considered that it had a lawful right to the contract because it was the lowest responsible bidder and that it was entitled to protect and enforce that private right.

In the case of *State ex rel. Johnson et al. v. Sevier,* 339 Mo. 483, 98 S.W.2d 677 (1936), the Supreme Court en banc was faced with a similar problem. That suit was brought by the plaintiffs on their own behalf and not as taxpayers or representatives of any other taxpayers against the state purchasing agent who advertised for bids for the installation of x-ray equipment. The statutory requirements controlling the purchasing agent provided that all purchases shall be based upon competitive bids, that any purchase or expenditure that would exceed $2,000.00 would require the purchasing agent to advertise and that the contract must be let to the lowest and best bidder. The statute further provided that the purchasing agent would have the right to reject any and all bids and was substantially the same as the one here. The lowest bidder was not the successful one and brought a mandamus action praying that the purchasing agent be commanded to rescind the award to the higher bidder and award it to the lowest bidder. The court held the plaintiff was not deprived of anything to which it was legally entitled and for which it could have maintained mandamus. The fact that this was an action in mandamus does not alter the principle of law applicable in either case that the statute was designed for the benefit and protection of the public and not the bidders.

La Mar has not brought this suit as a taxpayer or as a representative of other taxpayers but rather has sought relief to enforce the performance of an alleged public duty to protect an alleged private right. It is necessary for La Mar to allege a private, pecuniary interest in the matter but as an unsuccessful bidder it has no private, pecuniary interest in this matter which the law will recognize and enforce. *Johnson v. Sevier, supra,* l.c. 631[10]. As an unsuccessful bidder, La Mar was not deprived of anything to which it was legally entitled

and therefore cannot state a cause of action.

La Mar suggests to this Court that the interest of the public can be preserved and protected by sanctioning a cause of action for damages for the unsuccessful bidders' loss of profits from the School District. La Mar's reasoning is to the effect that the right to recover loss of profits from a school district is a sufficient sanction to insure that the public authorities will guard the public interest. The plaintiff's laudable purpose is lost when followed to its logical conclusion. If an unsuccessful bidder may recover its loss of profits from a school district the district is required to pay, from public funds, profits to both the unsuccessful bidder and the contractor who completed the work. This is not a means of protecting the public that is to be encouraged. Plaintiff's argument notwithstanding, we express no concern but that an aware public will become aroused and angry at the least suspicion of the misuse of its money and particularly, in the case of a school district.

Nothing herein should be construed to indicate that the public is not afforded the statutory mechanics to protect itself from abuses of public officials. Safeguards for the public protection are built into the statute and they require that a school board exercise its discretion responsibly. The rejection of the lowest bid must not be made fraudulently, corruptly, capriciously or without reason. The officials must exercise and observe good faith and accord all bidders just consideration, avoiding favoritism and corruption. If any of these standards are violated the public, as the real, moving party, may bring mandamus to enforce cancellation of the contract and its award to the lowest responsible bidder. *State ex rel. Black v. Wilson*, 158 Mo.App. 105, 139 S.W. 705, 709[4] (1911).

This case has been considered primarily as one asking for money damages although La Mar has alternatively sought cancellation of the contract award to Glaze Construction Company and the award of the contract to it. This prayer for relief in the nature of an action of mandamus should be discussed briefly. It is noted that the suit is not brought in the name of the state or sovereign as required in this type of action and that the plaintiff did not request of the trial court and therefore the trial court did not issue an alternative writ which constitutes the first pleading framing the issues of a mandamus action. Technically that writ is required before there is formally pending a mandamus action. *State ex rel. Sharp v. Knight*, 224 Mo.App. 761, 26 S.W.2d 1011 (1930). Since it has been agreed that the contract awarded to Glaze Construction Company has been fully performed and because of the absence of any argument in the brief or orally before this court by plaintiff requesting cancellation of the contract to Glaze, we consider this matter as in the first instance, not an issue and secondly, if an issue, abandoned. Nevertheless, the recognized principles of law announced in this opinion are applicable irrespective of the relief requested.

The judgment of the trial court is affirmed.

All concur.