**METCALF & EDDY SERVICES, INC., Plaintiff-Appellant,**

v.

**CITY OF ST. CHARLES, Missouri, et al., Defendants-Respondents.**

No. 49443.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 22, 1985.

Motion for Rehearing and/or Transfer Denied Nov. 21, 1985.

Application to Transfer Denied Jan. 15, 1986.

Keith W. Hazelwood, St. Charles, for plaintiff-appellant.

Paul F. Niedner, St. Charles, Robert Louis Rosenfeld, Clayton, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiff, Metcalf & Eddy's Services, Inc., a bidder on a contract for sewer services, sued defendants, City of St. Charles (City); its Mayor, Council Members, and Finance Director/Purchasing Director, and Environmental Management Corporation (EMC) [the successful bidder], for declara-

tory judgment, injunctive relief, attorney fees, and costs. Defendants moved dismissal of the action. The trial court sustained the motion. Plaintiff appeals. We affirm.

A motion to dismiss concedes the truth of all facts well pleaded. *Higday v. Nickolaus,* 469 S.W.2d 859, 864 (Mo.App. 1971). Where the allegations, taken at broadest intendment, invoke principles of substantive law which entitle the pleader to relief, the petition stands as a valid statement of claim. *Pollard v. Swenson,* 411 S.W.2d 837, 838, 840 (Mo.App.1967). Where the allegations plead alternative relief, the sufficiency of one statement as a valid claim for relief remains unaffected by the insufficiency of the other. *White v. Mulvania,* 575 S.W.2d 184, 188 (Mo. banc 1979).

On July 30, 1983, plaintiff received an invitation to indicate an interest in bidding on a contract for the operation and maintenance of City's sanitary sewage treatment facilities. On September 15, 1983, plaintiff received a request for proposal for the operation and maintenance for City's waste water treatment facilities under a five-year full service (lump) contract. "The proposal shall be submitted in the form of a signed contract or agreement, ready for immediate execution upon acceptance by the City. ... The City of Saint Charles reserves the right to accept any proposal, to reject any or all proposals, in full or in part, and to waive irregularities and/or formalities as deemed appropriate. Price will not be the only consideration in the selection of the contract or agreement." On October 17, 1983, plaintiff submitted a bid for $78,700 per month with adjustments. A bid by EMC for $91,000 per month with adjustments was also submitted to City. On December 1, 1983, City passed Ordinance 83–111 which authorized the Mayor to enter into a contract between City and EMC for the operation and maintenance of the City's sewage operation facilities. On December 6, 1983, the Mayor approved the Ordinance; the operation and maintenance agreement was executed with EMC on De-

cember 21, 1983. The contract price is $81,250 per month with adjustments.

Plaintiff filed suit on December 31, 1983 in four Counts. Count I seeks to declare Ordinance 83–111 illegal and void, award plaintiff its equitable and just costs; including attorney's fees and court costs, declare plaintiff the lowest and best bidder, and order defendants to show cause why plaintiff should not be awarded the City's contract to provide operations and maintenance of City's waste water treatment facilities. Count II seeks to abrogate the City contract with EMC, award plaintiff the contract based upon the Administrative Review Act § 536.140.1 RSMo 1978, and award plaintiff its costs. Count III seeks injunctive relief, under § 536.150 RSMo 1978, to enjoin defendants from performing pursuant to Ordinance 83–111, order defendant City to enter into a contract with plaintiff for plaintiff to provide operations and maintenance of the waste water treatment, and award plaintiff its costs. Count IV seeks injunctive relief against defendants restraining performance of the City contract with EMC and mandatory injunction to award the contract to plaintiff, and costs.

■ A prerequisite to affording plaintiff a review on the merits of its petition is a determination whether plaintiff has standing to maintain its cause of action. It was encumbent upon the plaintiff to allege a special pecuniary interest in the matter, showing a clear legal right to the relief asked. However, the rejection of plaintiff's bid did not give it any enforceable private right. *State v. Sevier*, 339 Mo. 483, 98 S.W.2d 677, 679 (Mo. banc 1936). As an unsuccessful bidder, plaintiff was not deprived of anything to which it was legally entitled and therefore cannot state a cause of action. *La Mar Construction Company v. Holt City, R–II School District*, 542 S.W.2d 568, 570 (Mo.App.1976); *See, State ex rel. Minnesota Mining v. Bradford*, 602 S.W.2d 37 (Mo.App.1980).

Although plaintiff recognizes the holdings in *Sevier, La Mar,* and *Bradford,* it urges this court to reevaluate those decisions and rule that an unsuccessful bidder has standing to sue. Plaintiff argues that a bid protester's complaint will assert or promote the public interest in effective contracting and assure the public and bidders government procurement is carried on in a fair and good faith manner. Plaintiff admits "that there are neither state constitutional provisions nor state statutory provisions which govern the purchase of services" as requested by City. Plaintiff contends the applicable provisions "may be found in the City's charter or the City's ordinances." Plaintiff avers it submitted "the 'lowest and best bid' as required by Section 2–496[1] of the Revised Ordinances of the City" and should therefore be awarded the City's contract for services. Whether Section 2–496 is applicable is not decisive of plaintiff's standing.

The court in *Sevier*, 98 S.W.2d at 679 advances two reasons why plaintiff lacks a legal right to the relief requested: "(1) Because the 'advertisement was not an offer of a contract, but an offer to receive proposals for a contract,' and (2) because the statute requiring that contracts be let to the lowest and best bidder was designed for the benefit and protection of the public and not the bidders." In its proposal for bids City reserved the absolute right to reject any and all bids. This right was unconditional. City "was entitled to exercise that right for any cause it might deem satisfactory, or even without any assignable cause." *Sevier*, 98 S.W.2d at 680.

This court recognizes "the principle of law that where a public body reserves the right to reject any and all bids that are submitted to it they are empowered to do just that and by rejecting a bid they create no vested interest or property right in the rejected bidder." *La Mar*, 542 S.W.2d at 570. *See also Sevier*, 98 S.W.2d at 681 and *Bradford*, 602 S.W.2d at 41. *Sevier* is the

---

1. Sec. 2–496. Basis for awarding bids.
   The awarding of bid shall be on the basis of lowest and best bid. The purchasing agent shall

take into consideration price, quality, delivery, ability of the vendor, etc., in evaluating the bids received.

last controlling opinion on this issue by the Supreme Court. We are bound by it. Mo. Const. Art. V, § 2. It has been followed in *La Mar* and *Bradford.* If the rule is to be re-examined it must be at the instance of our Supreme Court.

The judgment of the trial court is affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.