# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3857

_____

Demien Construction Co.

*Plaintiff - Appellant*

v.

O'Fallon Fire Protection District

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 23, 2015
Filed: February 1, 2016

_____

Before RILEY, Chief Judge, BYE and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

Demien Construction Co. (Demien) appeals from the dismissal of its complaint against the O'Fallon Fire Protection District (District). See Fed. R. Civ. P. 12(b)(6). Challenging the District's decision not to hire Demien for a construction project, Demien alleges the District violated Demien's constitutional rights in the bidding

process.  With jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.[1]

## I.    BACKGROUND

In the spring of 2014, the District, a subdivision of the state of Missouri, solicited bids for the construction of a new firehouse.  According to Demien, a representative from the District called Demien's president and asked the company to submit a bid for the general work on the firehouse.

The District provided bidders with an invitation to bid and instructions to bid, which Demien attached to its amended complaint as exhibits.[2]  The instructions to bid declare that the "Owner reserves right to reject any and all proposals when such rejection is in the interest of Owner."  Under the heading AWARD OF CONTRACT, the instructions explain:

> It is the intent of the Owner to award a contract to the lowest responsible bidder provided the bid has been submitted in accordance with all requirements of the bidding documents . . . . The Owner reserves right, however, to award Contract in his best interest, and, therefore, reserves right to select a Bidder other than the lowest.

The instructions also informed the bidders that the most recent printing of the Recommended Guide for Competitive Bidding Procedures and Contract Awards for Building Construction, published by the American Institute of Architects, (AIA

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

[2]Because under Federal Rule of Civil Procedure 10(c) "a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," our ruling "on a motion to dismiss under Rule 12(b)(6) may consider materials attached to the complaint." Abels v. Farmers Commodities Corp., 259 F.3d 910, 921 (8th Cir. 2001).

guide) would "guide all bidding." According to the AIA guide, "[t]he contract should be awarded to the lowest responsible bidder." The AIA guide additionally states, "The owner, by provisions in the instructions to bidders . . . typically retains the right to reject any and all bids," so long as rejection is not "used as a subterfuge."

On May 27, 2014, the District awarded the contract to another general contractor that had submitted a higher bid than Demien's. Demien contends it "submitted the lowest responsible bid" for the contract and "met all requirements for submitting a bid," thus it should have been awarded the contract. Demien suggests the District must have awarded the contract based on "surmise, guesswork, or gut feeling."

Demien sued the District under 42 U.S.C. § 1983, alleging the District violated Demien's Fourteenth Amendment due process rights under the U.S. Constitution. Demien also claimed the District violated its First Amendment rights, Missouri Statutes section 321.220(4),[3] and the Missouri Constitution. The District moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted, arguing, among other things, Demien lacked standing to pursue both the federal constitutional claims and the state law claims and did not possess a legitimate claim of entitlement to the contract. The district court decided Demien lacked standing, but also concluded Demien failed to state a claim under the Fourteenth Amendment Due Process Clause and abandoned any claim under the First Amendment. The district court declined to exercise supplemental jurisdiction over the state law claims, see 28 U.S.C. § 1367(c)(3), and dismissed those claims without prejudice. Demien appeals only the dismissal of the Fourteenth Amendment and First Amendment claims.

---

[3]This statute provides that fire protection districts shall be able to enter into contracts and that "a notice shall be published for bids on all construction or purchase contracts for work or material or both" when the contract "involve[s] an expense of ten thousand dollars or more." Mo. Rev. Stat. § 321.220(4).

## II. DISCUSSION

### A. Article III Standing

In light of the district court's holding, we first must address standing. See U.S. Const. art. III, § 2, cl. 1; Iowa League of Cities v. EPA, 711 F.3d 844, 869 (8th Cir. 2013). If Demien does not have Article III standing to sue the District, "we have no subject matter jurisdiction over the suit." Id. We review the existence of subject matter jurisdiction de novo. See ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011). The basic requirements of Article III standing, the "'irreducible constitutional minimum,'" are that a plaintiff must demonstrate: (1) "'an injury in fact,'" that is "'concrete and actual or imminent,'" (2) that the injury be "'fairly traceable'" to the "'conduct of the defendant,'" and (3) "'a likelihood that the requested relief will redress the alleged injury.'" Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933-34 (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-03 (1998)). We have no problem concluding Demien has standing under Article III. See Metro. Express Servs., Inc. v. City of Kansas City, 23 F.3d 1367, 1369-70 (8th Cir. 1994); cf. Wilcox Elec., Inc. v. FAA, 119 F.3d 724, 728 (8th Cir. 1997); Mideast Sys. & China Civil Constr. Saipan Joint Venture, Inc. v. Hodel, 792 F.2d 1172, 1176 (D.C. Cir. 1986).

Although it did not specifically mention Article III, the district court concluded Demien "has not met its burden to establish standing to challenge the award of the contract at issue." The parties, following the district court, address standing by discussing the application of our analysis in Metropolitan Express Services, Inc. v. City of Kansas City, which also dealt with unsuccessful bidders trying to challenge the allegedly unfair award of a government contract. See Metro., 23 F.3d at 1368-69.[4]

---

[4]Although it does not affect our decision, we note a panel of the Missouri Court of Appeals, Eastern District, has concluded Metropolitan was wrongly decided. Byrne & Jones Enters., Inc. v. Monroe City R-1 Sch. Dist., No. ED 101588, 2014 WL 5847596, at *5 (Mo. Ct. App. Nov. 12, 2014). In Byrne & Jones, the Missouri court disagreed with decisions from the Western and Southern Districts of the Missouri

But that analysis addressed standing under Missouri state law, not Article III.[5] Id. at 1370.  Because this is a federal question case with Article III standing, and is not a diversity case like Metropolitan, we need not consider whether Demien would have standing to sue under Missouri state law.

## B.  Motion to Dismiss

Deciding Demien has satisfied Article III standing, we now consider whether Demien has stated a cause of action under § 1983 based on violations of the Fourteenth Amendment and the First Amendment as incorporated under the Fourteenth.  See Fed. R. Civ. P. 12(b)(6).

### 1.  Standard of Review

We review de novo whether a complaint states a cause of action.  See, e.g., Packard v. Darveau, 759 F.3d 897, 900 (8th Cir. 2014).  Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Under our review, we must "'accept[] as true all factual allegations,'" but we are "'not bound to accept

Court of Appeals, both of which have relied on Metropolitan to determine an unsuccessful bidder has standing under Missouri law to challenge the award of a contract under certain circumstances.  See id. at *5-6; Brannum v. City of Poplar Bluff, 439 S.W.3d 825, 830 (Mo. Ct. App. 2014); Pub. Commc'n Servs., Inc. v. Simmons, 409 S.W.3d 538, 546-47 (Mo. Ct. App. 2013).  In February 2015, Byrne & Jones was transferred to the Missouri Supreme Court.

[5]In Metropolitan we noted neither the district court nor the parties had discussed Article III standing but, without further discussion, summarily concluded we were "satisfied that Metropolitan had standing under Article III." Metro., 23 F.3d at 1370.

as true a legal conclusion couched as a factual allegation.'" Carton v. Gen. Motors Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (quoting McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009)).

### 2. First Amendment

In its response to the District's motion to dismiss, Demien did not address the District's argument that Demien failed to state a claim under the First Amendment, and so the district court concluded Demien abandoned its First Amendment claims. Because we agree Demien has abandoned its claims under the First Amendment by failing to argue them before the district court, we need not consider Demien's First Amendment arguments on appeal. See Joseph v. Allen, 712 F.3d 1222, 1226 (8th Cir. 2013) (failing to oppose an issue before the district court results in waiver of the issue on appeal). We also observe Demien has not made any specific allegation on appeal regarding how the District violated Demien's First Amendment rights.

### 3. Fourteenth Amendment Due Process Clause

To state a claim under the Fourteenth Amendment Due Process Clause, Demien must have alleged it was deprived of a protected interest without due process of law. See, e.g., Barnes v. City of Omaha, 574 F.3d 1003, 1005-06 (8th Cir. 2009). Protected interests under the Due Process Clause are those to which a person holds a "legitimate claim of entitlement," and stem from "independent source[s] such as state law." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972).

Unless Demien can demonstrate it held a valid property interest under Missouri law in the subject contract, we must affirm the district court's dismissal of Demien's Fourteenth Amendment claim. See L & H Sanitation, Inc. v. Lake City Sanitation, Inc., 769 F.2d 517, 524 (8th Cir. 1985) (holding "the district court did not err in dismissing appellants' § 1983 claim challenging the city's allegedly arbitrary award of the contract for failure to state a claim because [none of the plaintiffs] had a protected property interest under [state] law"). "Under Missouri law an unsuccessful

bidder on a construction project has no property right in the contract." Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 808 (8th Cir. 1999); see also State ex rel. Mid-Mo. Limestone, Inc. v. County of Callaway, 962 S.W.2d 438, 441 (Mo. Ct. App. 1998). "[W]here a public body reserves the right to reject any and all bids," a rejected bidder has "no vested interest or property right" in the contract. La Mar Constr. Co. v. Holt Cty., R-II Sch. Dist., 542 S.W.2d 568, 570 (Mo. Ct. App. 1976). Here, the District's invitation to bid clearly advised "[t]he [District] . . . reserves right to select a Bidder other than the lowest" and "reserves right to reject any and all proposals." No rejected bidder gained a property right in the award of the contract. See id.; cf. Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005) (stating "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion").

Demien accuses the district court of ignoring Metropolitan, Public Communications Services, Inc. v. Simmons, 409 S.W.3d 538 (Mo. Ct. App. 2013), and State ex rel. Mid-Missouri Limestone, cases Demien contends "establish the right of an unsuccessful bidder to bring suit if the award of the bid was done unfairly." While these cases demonstrate an unsuccessful bidder may have *standing* under Missouri law to challenge the award of a contract, none grant a property right to the lowest bidder, and, furthermore, "[s]tanding to bring a state court claim of deprivation of property rights does not establish a protected property interest," Kim Constr. Co. v. Bd. of Trustees of Mundelein, 14 F.3d 1243, 1249 (7th Cir. 1994). See also Metro., 23 F.3d at 1371; Simmons, 409 S.W.3d at 546; State ex rel. Mid-Mo. Limestone, 962 S.W.2d at 441 (declaring "unsuccessful bidders" do not have "private, pecuniary interests which the law will recognize and enforce").

Finally, we are unpersuaded by Demien's attempts to create a binding obligation from language in the AIA guide and the invitation to bid. Because the AIA guide said the contract "should" be awarded to the lowest bidder, Demien argues the

District was obligated to award the contract to Demien. As the District suggests, the invitation and AIA guide merely state the District may accept the lowest bid, "but . . . doesn't need to." Demien tries to find ambiguity in the AIA guide and the invitation to bid, maintaining principles of contract law demand we construe any ambiguity against the District. But rules of contractual interpretation are inapplicable here because Demien and the District never entered into a contract. See State ex rel. Johnson v. Sevier, 98 S.W.2d 677, 679 (Mo. 1936) (determining an advertisement soliciting bids to a public project "'was not an offer of a contract, but an offer to receive proposals for a contract'" (quoting Anderson v. Bd. of Pub. Sch., 27 S.W. 610, 612 (Mo. 1894))).

In sum, Demien failed to allege the District deprived Demien of any entitlement, and so it failed to state a claim under the Fourteenth Amendment Due Process Clause.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of Demien's complaint.

_____